MAJDI Y. HIJAZIN (Admitted *pro hac vice*)
Email Address: mhijazin@hijazinlaw.com
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHAM COOK WAYMAN, | Case Number: 2:19-cv-07468-JFW-MRW |
| Plaintiff, | |
| vs. | **JOINT RULE 26(f) REPORT OF EARLY MEETING** |
| UTAH FIRST CREDIT UNION; EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC., | Scheduling Conference – Date: November 4, 2019 Time: 1:15 p.m. Place: Courtroom 7A |
| Defendants. | |

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff and Defendants hereby submit to the Court this Joint Rule 26(f) Report of Early Meeting:

**A.     Statement of the Case:**
    **Plaintiff:**

Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, against all Defendants. Plaintiff's FCRA claims arise from the alleged erroneous

reporting of an auto loan and credit card debts that were discharged through bankruptcy. Plaintiff alleges that Defendants violated the FCRA and continued to report allegedly incorrect information in relation to the auto loan and credit card debt that were discharged through Bankruptcy, and after Plaintiff submitted his written disputes.

### Defendant, Utah First Federal Credit Union:

Plaintiff obtained an auto loan and credit card from defendant Utah First Federal Credit Union (erroneously sued as Utah First Credit Union) ("Utah First"). The auto loan was reported as charged off with an $8,575 balance in March 2013 and thereafter. The credit card was reported as charged off with a $2,091 balance in March 2013 and thereafter. Plaintiff filed bankruptcy on July 30, 2015 and received a discharge February 13, 2019. He disputed the credit reporting around June 2019, then brought suit on August 28, 2019, claiming the account should not be reported as charged off, but as discharged.

Utah First contends that its reporting was not inaccurate or misleading, and that Plaintiff lacks a concrete injury from any purported inaccuracy sufficient to confer standing. Further, the purported violation was neither intentional, nor negligent, as Utah First has reasonable procedures in place.

### Defendant, Equifax Information Services, LLC:

Equifax is a consumer reporting agency, as that term is defined in the FCRA and is regularly engaged in the preparation of consumer reports. Equifax maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports about consumers. Equifax denies that it violated the FCRA in its handling of Plaintiff's dispute and that it is liable to Plaintiff in any manner whatsoever. Even if Plaintiff has suffered any compensable damages, Equifax is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies.

### Defendant, Experian Information Solutions, Inc.:

Experian denies Plaintiff's claims.  This is a credit reporting case under the federal FCRA.  Experian is a "consumer reporting agency" as that term is defined by the FCRA.  Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others.  Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require consumer reporting agencies like Experian to maintain error-free credit reporting.  Rather, the FCRA requires consumer reporting agencies to maintain and follow reasonable procedures to assure the maximum possible accuracy of the information they report on consumers.  Additionally, the FCRA requires consumer reporting agencies to timely reinvestigate if a consumer disputes information on his or her credit report.

In the instant case, Experian maintained and followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit reports and conducted a reasonable reinvestigation of the disputed account.  At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and did not act negligently.  Therefore, Experian has no liability in this case.  Experian further denies it was the proximate cause of any damages alleged by Plaintiff.

**B.    Jurisdiction and Venue:**

Plaintiff's Complaint alleges violations of federal law under the FCRA.  Original jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District and Defendants transact business in this District.

**C.    Legal Issues:**

**Plaintiff:**

Plaintiff brings Counts I, II, and III, of his complaint for alleged violations of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. §1681 against all Defendants. Plaintiff's FCRA claims arise from the alleged erroneous reporting of two debts. Plaintiff alleges that Defendants violated the FCRA and continued to report allegedly incorrect information in relation to the debts after Plaintiff submitted formal disputes putting the Defendants on notice of the alleged incorrect reporting.

**Defendant, Utah First:**

Only Count I is against Utah First, and alleges Utah First violated 15 U.S.C. § 1681s-2(b) by failing to investigate or change its credit reporting.  However, its reporting was not inaccurate or misleading, Plaintiff lacks a concrete injury from any purported inaccuracy sufficient to confer standing, and the purported violation was neither intentional, nor negligent, as Utah First has reasonable procedures in place.

**Defendant, Equifax Information Services, LLC:**

Equifax asserts the primary legal issues include whether there was any violation of the FCRA, which Equifax denies, whether Plaintiff suffered any damage as a result of any alleged violation of the FCRA, whether Equifax proximately caused Plaintiff's alleged damages, whether Plaintiff is entitled to recover any actual damages pursuant to 15 U.S.C. § 1681o, and whether Plaintiff is entitled to recover any statutory and/or punitive damages pursuant to 15 U.S.C. § 1681n.

**Defendant, Experian Information Solutions, Inc.:**

Defendant Experian disputes whether it maintains and follows reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) and whether Defendant's reinvestigation of Plaintiff's disputes were reasonable under 15 U.S.C. §1681i.

**D.      Parties, and Non-Party Witnesses:**

      **Plaintiff:**

Plaintiff has both documentary evidence and has personal knowledge of matters related to allegations in the Complaint.

**Defendant, Utah First:**

Utah First believes Plaintiff as a witness likely to have knowledge of his credit history, communications with credit reporting agencies, bankruptcy, applications for credit, alleged damages, and other information and documents relevant to this matter.

A person most knowledgeable for Utah First will be able to testify regarding appropriately noticed, relevant matters, including Utah First's credit reporting and the investigation and ACDV response. Utah First has documents in its possession, including ACDVs.

Utah First will file its Certification as to Interested Parties or Persons with its answer. Utah First Federal Credit Union has no parent corporation and no publicly held corporation owns 10% or more of it.

**Defendant, Equifax Information Services, LLC:**

Equifax identifies Plaintiff who is likely to have knowledge of Plaintiff's personal and credit history, the allegations contained in Plaintiff's Complaint, the events and circumstances giving rise to this lawsuit, Plaintiff's claims, any alleged denials of credit or other damages, and any communications with Equifax.

Equifax also identifies Pamela Smith, a representative of Equifax who is likely to have information regarding the policies, practices and procedures of Equifax for maintaining credit files and reinvestigating consumer disputes, Plaintiff's disputes, Equifax's reinvestigations of Plaintiff's disputes, the contents of Plaintiff's credit file, and, after reviewing relevant documents, the facts at issue in this case.

Equifax also identifies a representative of Utah First Union who is believed to have knowledge and information relevant to the account at issue in this case.

**Defendant, Experian Information Solutions, Inc.:**

Experian identifies Plaintiff as a likely witness. Experian also identifies an unknown representative of Utah First Credit Union ("Utah First") who is believed to have knowledge and information relevant to the accounts at issue in this case and communications between Plaintiff and Utah First regarding the accounts at issue.

Experian also identifies Anna Simmons, one of Experian's Senior Legal and Compliance Specialist, who will have knowledge of Plaintiff's contacts with Experian, Experian consumer files, and Experian's consumer assistance and reinvestigation procedures.

Experian further identifies the non-privileged, non-confidential documents currently in the possession, custody or control of Experian that it may use to support its claims or defenses, include the Experian consumer disclosures for Plaintiff, any correspondence between Experian and Plaintiff, and any records regarding Experian's reinvestigation of items on Plaintiff's consumer report.  Experian also identifies the non-privileged, confidential currently in the possession, custody or control of Experian that it may use and will produce pursuant to an stipulated protective order to protect the confidentiality of its contents.  Finally, Experian may also use the non-privileged documents in the possession, custody or control of Plaintiff that Experian may obtain during discovery.

Further, Experian states that the ultimate parent company of Experian is Experian plc, which owns 100 percent of Experian.  Experian plc is registered as a public company in Jersey, Channel Islands, and is publicly traded on the London Stock Exchange. Further, the following companies are the US-based subsidiaries of Experian plc that are not wholly owned: (1) Central Source LLC, (2) Online Data Exchange LLC, (3) New Management Services LLC, (4) VantageScore Solutions LLC, and (5) Opt-Out Services LLC.  Pursuant to this Court's Order, Experian states that the above parties may have a pecuniary interest in the outcome of this case and made these representations to enable the Court to evaluate possible disqualification or recusal.

Experian does not anticipate joining any additional parties to this matter.

**E.    Damages:**

Plaintiff seeks (*inter alia*):

   **a. Actual Damages –** Plaintiff is seeking actual damages from Defendants, pursuant to the Fair Credit Reporting Act, to be determined by the jury.

   **b. Statutory Damages**–Plaintiff is seeking $1,000 in statutory damages for each violation of the Fair Credit Reporting Act from Defendants.

   **c. Punitive Damages** – Plaintiff is seeking punitive damages from Defendants, pursuant to the Fair Credit Reporting Act, to be determined by the jury.

   **d. Attorney's Fees** – Plaintiff is seeking his costs and reasonable attorney's fees from Defendants pursuant to the Fair Credit Reporting Act.

Utah First denies Plaintiff has been damaged and denies Plaintiff is entitled to any damages, fees, or costs sought.  Utah First does is not presently seeking damages, but reserves the right to do so.

Experian does not believe that Plaintiff can establish any damages as the result of any alleged conduct by Experian.  Further, Experian does not allege any damages at this time but reserves the right to do so.

Equifax denies Plaintiff's entitlement to any damages whatsoever.  Equifax is not seeking damages at this time but reserves the right to do so.

**F.    Insurance:**

Plaintiff responds that insurance coverage is not applicable but respectfully requests Defendants to provide their insurance policy with its Rule 26(a)(1) disclosures on November 4, 2019.

Utah First does not have an applicable insurance policy.

Experian:  Based on Experian's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part or all of any likely judgment which may

be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgment.

Equifax:  Equifax is self-insured for this matter.

**G.    Motions:**

Plaintiff does not anticipate filing any motions at this time.

Utah First anticipates filing a dispositive motion following discovery.

Experian: Experian may file a dispositive motion in this case depending on the information obtained during discovery.

Equifax: Depending on the information obtained in discovery, Equifax may file a motion for summary judgement on liability and/or damages.

**H.    Manual for Complex Litigation:**

The Parties agree that this case is not sufficiently complex to justify utilization of any of the procedures of the Manual for Complex Litigation.  There do not appear to be any unusual legal issues presented at this time.

**I.    Status of Discovery:**

The Parties will exchange initial disclosures pursuant to Federal Rule 26(a) by November 4, 2019.  Defendants and Plaintiff have not yet initiated written discovery.

**J.    Discovery Plan:**

The Parties do not anticipate any changes in the Rule 26(a) disclosure requirements.

Plaintiff anticipates discovery regarding written and oral communications between Plaintiff and Defendants as well as written and oral communication among Defendants, all documents related to Defendants' credit reporting policies and procedures, deposition testimony of third parties, and deposition testimony of Defendants.

Plaintiff anticipates taking the deposition of Defendants, any experts of Defendants, and of third party witnesses, and serving written discovery (interrogatories, requests for production of documents, and requests for admissions) on Defendants.

Utah First anticipates document requests from, and depositions of, Plaintiff and any third party Plaintiff claims denied him credit, as well as any experts.  Utah First anticipates discovery into Plaintiff's communications with credit reporting agencies, applications for credit, credit history, and purported damages.  Utah First may request that the court enter a protective order to govern the use and disclosure of proprietary, confidential, or commercially sensitive information.

Equifax Information Services, LLC:  Equifax anticipates taking discovery relating to liability and damages in the form of written requests, depositions, and third-party document production and depositions.  Equifax may request that a protective order be entered by the Court to govern the use and disclosure of information that is deemed confidential, trade secret, and/or commercially sensitive.  In this instance, the parties will submit a draft stipulated protective order for consideration and entry by the Court.

Experian Information Solutions, Inc.: Discovery is needed as to Plaintiff's claims of Experian's alleged failure to reinvestigate under the FCRA and Plaintiff's claims of damages.

Experian anticipates taking depositions of the plaintiff and any witness identified by plaintiff as having knowledge of the facts of the case.  Experian further anticipates propounding written discovery, including requests for admission, document request, and interrogatories, and anticipates completing all discovery thirty (30) days before the discovery deadline.

Experian suggests a limitation on Requests for Production of Documents to forty (40) requests and a limitation on depositions to five (5) depositions per party.

Experian further anticipates the filing of a Stipulated Protective Order. The parties will submit a stipulated protective order for consideration and entry by the Court.

Plaintiff does not believe that discovery should be conducted in phases or otherwise be limited.

Utah First does not believe that discovery should be conducted in phases or otherwise be limited.

Experian does not believe that discovery should be conducted in phases or otherwise be limited.

Equifax does not believe that discovery should be conducted in phases or otherwise be limited.

The Parties do not believe that the applicable limitations should be changed or other limitations imposed.

The Parties do not believe that this Court should enter other orders at this time.

**K.   Discovery Cut-off:**

May 15, 2020.

**L.   Expert Discovery:**

The parties may utilize expert witnesses and request a status hearing at or near the close of discovery to inform the court of whether they will need expert witnesses.

**M.   Dispositive Motions:**

Plaintiff:  Plaintiff intends on filing a motion for summary judgment at the completion of discovery and pursuant to this Court's Order.

Defendant, Utah First  anticipates filing a dispositive motion following the completion of discovery.

Defendant, Equifax Information Services, LLC:  Depending on the information obtained in discovery, Equifax may file a motion for summary judgement on liability and/or damages.

Defendant, Experian Information Solutions, Inc.:  Experian may file a dispositive motion in this case depending on the information obtained during discovery.

**N.   Settlement:**

Plaintiff has issued a settlement demand to each Defendant and Plaintiff awaits a response. Pursuant to Local Rule 16-15.4, the parties select ADR procedure No. 1.

**O.      Trial Estimates**

The Parties estimate that the trial will last two to three days. Plaintiff has demanded a jury trial.

Plaintiff anticipates calling no more than five (5) witnesses.

Utah First anticipates calling no more than five (5) witnesses.

Equifax Information Services, LLC anticipates calling no more than (5) witnesses.

Experian Information Solutions, Inc. anticipates calling no more than (5) witnesses.

**P.      Trial Counsel:**

Trial counsel for Plaintiff is Majdi Y. Hijazin, Esq.

Trial counsel for Utah First is Robert W. Norman, Jr. and Neil J. Cooper.

Trial counsel for Equifax Information Services, LLC is Thomas P. Quinn, Jr., Esq.

Trial counsel for Experian Information Solutions, Inc. is Ryan Ho Wai Chan, Esq.

**Q.      Independent Expert or Master:**

N/A

**R.      Timetable:**

*Please See* pages 13 & 14 below.

**S.      Other Issues:**

There are none at this time.

**T.      Patent Cases:**

N/A

**U.      Whether the Parties Wish to Have a Magistrate Judge Preside:**

Defendants do not consent to have a United States magistrate judge conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment.

DATED:  October 14, 2019

By:  */s/ Robert W. Norman, Jr.*
Robert W. Norman, Jr.
Neil J. Cooper
Attorneys for Utah First Credit Union

DATED:  October 14, 2019

By:  */s/Thomas P. Quinn, Jr.*
Nokes & Quinn APC
410 Broadway, STE 200
Laguna Beach, CA 92651
Attorney for Equifax Information
Services LLC

DATED:  October 14, 2019

By:  */s/ Ryan Ho Wai Chan*

Attorney for Experian Information
Solutions, Inc.
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:  (949) 851-3939
Facsimile:  (949) 553-7539
Email:  rhchan@jonesday.com

DATED:  October 14, 2019

By:  */s/ Majdi Y. Hijazin*
Majdi Y. Hijazin, Esq.
Sulaiman Law Group, Ltd.
Attorney for Plaintiff

## SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET

| Case No. | Case Name: |
|---|---|
| 2:19-cv-07468-JFW-MRW | WAYMAN V. UTAH FIRST CREDIT UNION; EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC. |

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| TRIAL [X] Court [ ] Jury Duration Estimate: | October 13, 2020 (Tuesday) | 8:30 a.m. |
| FINAL PRETRIAL CONFERENCE ("FPTC") 4 wks before trial | September 15, 2020 (Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | February 3, 2020 |
| Non−Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 17 wks before FPTC | May 15, 2020 |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | June 16, 2020 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | July 14, 2020 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | August 11, 2020 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | August 25, 2020 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | August 18, 2020 |

| Motions in Limine Filing Deadline | at least 3 wks before FPTC | August 25, 2020 |
|---|---|---|
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | September 1, 2020 |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) | at least 90 days after complaint served (unless longer time justified) | December 15, 2019 |